THE STATE, EX REL. THE SECOND NATIONAL BANK OF WARREN, *v.* HARKELRODE, TREAS.

(Decided January 11, 1930.)

*Messrs. Fillius & Fillius,* for plaintiff.

*Mr. G. H. Birrell,* prosecuting attorney, and *Mr. George W. Secrest,* for defendant.

POLLOCK, J. The commissioners of Trumbull county, prior to September 1, 1929, had caused to be

made the advertisements required by the provisions of the General Code of this state for bids for the deposit of the funds of the county, both inactive and active, and on the day above mentioned, under the provisions of Section 2717, General Code, the commissioners opened the bids of the several banks and trust companies for the deposit of the county funds and made the award.

At this time it was found and determined by the commissioners that the Second National Bank of Warren was the highest and best bidder for an amount up to and including one million dollars of the inactive funds, and except for the bid of fifty thousand dollars for the active funds, by the Warren State Bank, it was the next best bidder for the amount up to and including nine hundred thousand dollars of the active funds. The commissioners then made the award of both of these funds to the Second National Bank, as above indicated, and under the provisions of Section 2718, after awarding the Second National Bank the above-mentioned funds, awarded to other banks bidding a less amount any remainder of the funds of the county.

The commissioners, after making these awards, sent written notice, as provided by Section 2736, General Code, to the county treasurer, stating the amount bid by each of the banks and trust companies for both the inactive and active funds.

The Second National Bank brought its action in this court in mandamus against the treasurer of the county, alleging that the treasurer had not performed his official duty, in that he failed to deposit one million dollars of the inactive funds in plaintiff bank, but had deposited a portion of these funds in

other banks bidding a less amount for the funds; and in a second cause of action it alleged that the treasurer had not deposited in its bank the active funds, over fifty thousand dollars, up to the amount bid by the plaintiff, but had deposited the active funds in other banks bidding a less sum.

The plaintiff asks that the treasurer be compelled by the order of this court to deposit in plaintiff bank the full amount of the funds, both active and inactive, bid for by plaintiff, before any deposit is made in banks bidding a less rate of interest for such funds.

An answer was filed by the treasurer, which in substance admits that he had not deposited the total amount of the sum bid by the plaintiff before depositing in other banks bidding a less sum, but alleges that it was not for the best interest of the county and the taxpayers to make the deposits in the Second National Bank, for the reason that if the funds are withdrawn from the other banks the commissioners will not be able to borrow at a less rate of interest than six per cent money which they are required to borrow in order to obtain funds needed in certain improvements in the county; and, further, that the Dollar Savings Bank of Niles was at the time holding fifty thousand dollars of past-due paper, which overdue obligations, if county funds were withdrawn from that bank, the commissioners would be compelled to pay. For these reasons the treasurer had not deposited all the funds the plaintiff was entitled to under the award made by the commissioners, but had deposited a part thereof in other banks, paying a less rate of interest.

A demurrer was filed to this answer, and after-

wards, without the demurrer being disposed of, an agreed statement of facts was filed. No reply was filed by plaintiff to the answer of defendant. While the demurrer would have disposed of the entire case, yet we will include in the disposition of it the consideration of the agreed statement of facts.

The agreed statement only recites the facts alleged in the petition and those averred in the answer as a reason for the treasurer depositing the county funds in other banks and trust companies which had bid a less rate of interest than that bid by plaintiff.

It is the mandatory duty of the commissioners, under the provisions of the sections to which we have referred, to award the public funds of the county to the highest bidder. *Board of Commissioners of Henry County* v. *State, ex rel. Commercial State Bank of Napoleon,* 91 Ohio St., 145, 110 N. E., 254.

It is urged that the duty of the treasurer is provided by Section 2736 of the General Code, and that he is given a discretion in selecting as depositaries the banks and trust companies under the several bids that he may deem to be to the best interest of the county.

The following is the provision of Section 2736 (103 Ohio Laws, 562): "Such treasurer shall deposit in such bank or banks or trust companies as directed by the commissioners, and designated as inactive depositaries to the credit of the county all money in his possession, except such amount as is necessary to meet current demands, which shall be deposited by such treasurer in the active depositary or depositaries."

In other words, it is claimed that under this pro-

vision he is not required to deposit in the bank or trust company designated by the commissioners as bidding the highest rate of interest for the deposit, but has a discretion in depositing in such other banks or trust companies bidding for the fund, and also designated as depositaries, as he may deem to be for the best interest of the county, and that his duties are not controlled by the mandatory requirements of Section 2717, General Code.

To place such a construction on this section would render ineffectual the evident intention of the Legislature to secure for the deposit of the county funds the highest rate of interest which any bank or trust company is willing to pay therefor.

The mere fact that the mandatory provision of Section 2717, General Code, requiring such deposit of the county funds, does not refer directly to the treasurer, does not relieve him of the duty of complying with the provision of this act. It would be futile for the Legislature to require the commissioners to award the funds of the county to the bank making the highest bid therefor, to the amount of that bank's bid, and then permit the treasurer to use his discretion in depositing the money belonging to the county.

The mandatory provision of Section 2717 is just as binding upon the treasurer as it is upon the commissioners, and the construction placed upon this act by the Supreme Court in the case of *Board of Commissioners* v. *Bank, supra,* controls the duties of the treasurer. He must deposit in the Second National Bank the funds of the county up to and including one million dollars as long as the award made by the county commissioners on September

1, 1929, is in force and effect, excepting the fifty thousand dollars of the active fund, provided the proper securities are given by the bank.

It is further insisted by the plaintiff that it is not only entitled to one million dollars, the amount of its bid of inactive funds, if the county has that amount of inactive funds, but that it is also entitled, after the deposit of fifty thousand dollars in the Warren State Bank, to the active funds up to and including nine hundred thousand dollars.

This contention is determined by the provisions of the last clause of Section 2715 of the General Code: "No bank or trust company shall receive a larger deposit than one million dollars, except that in case the county commissioners shall find that there will be an excess of money in the treasury of any county which it will be impossible to deposit under the limitation of one million dollars, such bank, banks or trust companies shall be permitted to receive an amount not to exceed five million dollars."

The claim is made by the plaintiff that the active and inactive are separate funds, and separate deposits, and that therefore this section only limits the amount of the funds that a bank or trust company shall receive to one million dollars in each fund.

This section provides that the commissioners shall designate inactive and active depositaries, and then it limits the amount of the deposit which any one bank or trust company shall receive to one million dollars. This deposit does not refer to either active or inactive; it is the county funds that are referred to as the deposit. The deposit is made from the funds of the county, and no bank or trust company can receive more than one million dollars of the

funds of the county, except when the commissioners find that there will be an excess of money which it will be impossible to deposit under the limitation of one million dollars. The commissioners did not make this finding.

The amount which the treasurer can deposit in plaintiff's bank is limited to one million dollars, whether that be active or inactive, or both, but the treasurer is required to keep that amount on deposit in this bank, if he has that amount of funds for deposit of either or both kinds, during the time that the award made on September 1, 1929, is in force, excepting the fifty thousand dollars of active funds to which the Warren State Bank is entitled, and a judgment is entered accordingly.

*Judgment accordingly.*

ROBERTS and FARR, JJ., concur.